# IN THE UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF TENNESSEE

**COX'S PARADISE, LLC,**
as assignee,

      Plaintiff,

v.                                                                    Civil Action No. _____
                                                                       JURY DEMANDED

**NORTHFIELD INSURANCE COMPANY,**

      Defendant.

## COMPLAINT FOR BREACH OF CONTRACT AND TO COMPEL APPRAISAL

**COMES NOW**, the Plaintiff, COX'S PARADISE, LLC ("Plaintiff"), by and through undersigned counsel of record, and asserts the following Complaint against Defendant, NORTHFIELD INSURANCE COMPANY ("Defendant"). As its Complaint, Plaintiff would respectfully show unto this Honorable Court as follows:

### PARTIES & JURISDICTION

1.    Plaintiff is a corporation organized and existing under the laws of the State of Nevada with its principal address located at 219 U.S. Highway 45 W, Humboldt, TN 38343.

2.    Defendant is a foreign company engaged in the business of insurance within the State of Tennessee, but organized under the laws of the State of Iowa. Defendant bears NAIC CoCode: 27987.

3.    Jurisdiction and venue are appropriate in this Court pursuant to 28 U.S.C. § 1332, as diversity of citizenship exists and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

## FACTS

4. Defendants issued a Commercial Insurance Policy bearing Policy No. WS280071 to DLA, LLC, with an effective date of January 24, 2020 (the "Policy"). (See Exhibit 1)

5. The Policy insured against losses and/or damages regarding certain property located at 1441 South Church Street, Halls, TN (the "Insured Premises").

6. DLA, LLC was the owner of the Insured Premises at the time the Policy was issued.

7. The Policy Period was January 24, 2020 to January 24, 2021.

8. On and/or about July 17, 2020, the Insured Premises was severely damaged by high velocity winds and hail (the "Loss").

9. Following the Loss, DLA, LLC, timely filed a claim with Defendant for the Loss.

10. Defendant assigned the claim filed by DLA, LLC claim no. F3C322.

11. Mr. William Griffin, a licensed public adjuster, prepared an estimate for the Loss and provided same to Defendant.

12. Mr. William Griffin also submitted a proof of loss to Defendant.

13. On December 9, 2020, DLA, LLC effectively assigned its post-loss claim rights under the Policy to Plaintiff. (See Exhibit 2, Commercial Purchase & Sale Agreement, ¶17)

14. DLA, LLC and Plaintiff complied with all conditions.

15. The claimed damages from the wind and hail are covered perils under the terms of the Policy.

16. Defendant has failed to pay the full value of the claim.

17. There exists a dispute as to the value of the claim.

18. On September 30, 2022, Plaintiff invoked the appraisal clause in writing.

## .COUNT I

### COMPEL APPRAISAL AND APPOINT UMPIRE

19. The Policy provides for contractual appraisal rights as alternative dispute resolution.

20. Both parties are entitled to an expeditious appraisal, pursuant to the Policy, with two competent appraisers and an impartial umpire, as these three are essential to an effective and fair process.

21. Plaintiff submits the well-qualified individuals below who have no business or personal relationships with either party as umpire, if needed:

- a) **Ben Perry – TN / Dir. Of Appraisals – CV to be provided if no agreement to appraisal or umpire can be reached.**

- b) **Scott Heidelberg – TN – Certified PLAN Ump/Appr- CV to be provided if no agreement to appraisal or umpire can be reached.**

- c) **Andy Fraraccio – Intrust Claims – CV to be provided if no agreement to appraisal or umpire can be reached.**

- d) **Zach Baker – TN - The David Group - Certified Umpire – CV to be provided if no agreement to appraisal or umpire can be reached.**

- e) **Mary Jo O'Neal – TN/Ind. Adj./- Certified Umpire- CV to be provided if no agreement to appraisal or umpire can be reached.**

- f) **Chris Williamson – TN – Restoration GC – CV to be provided if no agreement to appraisal or umpire can be reached.**

- g) **David Hilsdon – Lic. Engineer, P.E. TN – CV to be provided if no agreement to appraisal or umpire can be reached.**

## COUNT II

### BREACH OF CONTRACT

22. The Plaintiff incorporates the foregoing allegations as if fully set forth herein.

23. Defendant materially breached the insurance contract by failing to agree to the appraisal process when properly demanded and materially undervaluing the claim, failing to pay the true value of the Loss.

**WHEREFORE**, for the foregoing reasons, Plaintiff would respectfully request that this Honorable Court award a judgment against Defendant as follows:

A. For compensatory damages in an amount to be determined by a jury, but not to exceed $3,000,000.00;

B. For an Order compelling Appraisal as set out herein;

C. For all costs incurred by Plaintiff as a result of this action;

D. For pre- and post-judgment interest; and

E. For such other further and general relief as this Court deems just and equitable.

### JURY DEMAND

Plaintiffs demand a jury of their peers.

Respectfully submitted,

*s/ W. Brantley Pierce*
W. BRANTLEY PIERCE, BPR No. 34603
TANNER C. GIBSON, BPR No. 34910
The Morgan Law Group
5310 Maryland Way; Suite 310
Brentwood, TN 37027
bpierce@morganlawgroup.net
tgibson@morganlawgroup.net
E-Service: mlg.eservice@morganlawgroup.net
T: (615) 422-6334
F: (305) 569-9900

*Attorneys for Plaintiff*

4